FILED
U.S. District Court
District of Kansas
08/27/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES M. COCHRAN,**

**Petitioner,**

**v.** **CASE NO. 26-3313-JWL**

**DANIEL J. SCHNURR,**

**Respondent.**

**MEMORANDUM AND ORDER**

On August 25, 2026, Petitioner James M. Cochran, a Kansas prisoner incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a motion for leave to proceed in forma pauperis ("IFP"), or without paying the filing fee (Doc. 2). Both the Local Rules and the Rules Governing Section 2254 Cases in the United States District Courts[1] ("the Habeas Rules") require a pro se petitioner who submits a petition for filing without prepaying the filing fee to submit (1) a motion for leave to proceed IFP on a specific form, (2) a supporting affidavit on a specific form, and (3) a certificate executed by the warden or other authorized officer of the place of confinement that shows the amount of money or securities the petitioner has in any account in the institution. *See* D. Kan. Rule 9.1(g); Habeas Rule 3(a), 28 U.S.C. foll. § 2254.

Petitioner's motion for leave to proceed IFP was not on the appropriate form, he did not submit a supporting affidavit, and he did not submit a financial certificate. Thus, it will be denied without prejudice. The Court will direct the clerk to provide Petitioner with the required forms and

[1] Rule 1(b) authorizes district courts to apply the Habeas Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

Petitioner will be granted time to submit another motion for leave to proceed IFP on the approved form, with the required affidavit and financial certificate. If Petitioner fails to file these documents on or before September 30, 2026, this case may dismissed without prejudice and without further prior notice to Petitioner for failure to comply with a court order.

Habeas Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). It may also be used to seek "to compel the State to bring [a pretrial detainee] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977)).

The Court has briefly reviewed the petition, as required by Rule 4, and, even liberally

construed, neither of the two grounds for relief Petitioner asserts challenge the *execution* of his sentence. Ground One of the petition alleges that Petitioner's sentence is unconstitutional because he was not proven guilty beyond a reasonable doubt of a material element of the crime of conviction. (Doc. 1, p. 6-7.) Ground Two asserts that the state district court lacked subject matter jurisdiction to sentence him. *Id.* at 7. These are challenges to the *validity* of Petitioner's convictions and sentences, not the *execution* of Petitioner's sentence.[2]

Petitioner's requests for relief in this case further support this understanding of Petitioner's claims. Petitioner seeks his immediate release and money damages[3] "for the unlawful [and] illegal restraint of his liberty," citing K.S.A. 60-5004—the Kansas state statute governing civil actions brought by individuals "convicted and subsequently imprisoned for one or more crimes that such person did not commit. (Doc. 1, p. 8); K.S.A. 60-5004(a). Citation to the state statute regarding wrongful convictions implies that Petitioner challenges the validity of his conviction, not the execution of his sentence.

Because nothing in the petition now before the Court indicates that Petitioner seeks to challenge the execution of his sentence, Petitioner has failed to state a claim on which relief may be granted under 28 U.S.C. § 2241. Petitioner will be granted time in which to show cause, in

---

[2] For example, the argument that a release date was improperly calculated because less than the appropriate amount of time served was credited is a challenge to the execution of a sentence. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241-43 (10th Cir. 2015). It is not a challenge to conviction or to the imposition of a sentence; it merely challenges how the sentence is being executed.

[3] Petitioner's requests for money damages are subject to dismissal because money damages are not available as relief in a federal habeas corpus action. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As the United States Supreme Court explained:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

writing, why this case should not be dismissed under Rule 4 because it plainly appears from the petition that Petitioner is not entitled to relief under 28 U.S.C. § 2241.

On the other hand, if Petitioner seeks to challenge the *validity* of a state-court conviction or sentence, he must do so in a petition for writ of habeas corpus under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241. If Petitioner wishes to proceed in this case under 28 U.S.C. § 2254, he may ask the Court to recharacterize this case as one seeking relief under § 2254. Before making such a request, however, Petitioner should carefully consider "the potential consequences with respect to any § 2254 claim he may wish to file in the future. AEDPA places strict limitations on second or successive claims. *See* 28 U.S.C. § 2244(b), 2255." *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). If this matter is recharacterized as a § 2254 petition, any future § 2254 petition likely will be subject to the restrictions on second or successive motions.

Moreover, under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on a specific, court-approved form. *See* D. Kan. Rule 9.1(a). Use of the form assists the Court in conducting the Rule 4 review and determining, among other things, whether the petition is timely filed and whether the grounds for relief asserted therein are properly exhausted. Therefore, if Petitioner decides to proceed in this case under § 2254 and not under § 2241, he may file an amended petition on the form required for petitions under 28 U.S.C. § 2254. The Court will direct the clerk to send Petitioner the required form in case he chooses to proceed under § 2254.

In summary, the Court will grant Petitioner time to do one of the following with respect to his petition: (1) file a written response showing cause why this case should not be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 2241 or (2) file an amended petition—on the required form—that seeks relief under 28 U.S.C. § 2254. Whether

Petitioner decides to file a written response or an amended petition, he must also either (1) pay the $5.00 filing fee or (2) cure the deficiencies identified above with respect to his motion for leave to proceed IFP.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (**Doc. 2**) is **denied without prejudice**. Petitioner is granted until and including **September 30, 2026** to pay the $5.00 filing fee or to file a second motion for leave to proceed in forma pauperis on the required form and with the required accompanying supporting documents. If Petitioner fails to either pay the fee or submit a motion by this deadline, this case may be dismissed without further prior notice to him. The clerk is directed to mail to Petitioner the required forms and instructions for filing a motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **September 30, 2026** to file either (1) a written response showing good cause why this case should not be dismissed for failure to state a claim on which relief could be granted under 28 U.S.C. § 2241 or (2) an amended petition on the required form for seeking relief under 28 U.S.C. § 2254, at which time the Court will recharacterize this case as one seeking relief under 28 U.S.C. § 2254. If Petitioner fails to file either an amended petition or a written response by the deadline, this case will be dismissed without further prior notice to him. The clerk is directed to mail to Petitioner the required form and instructions for filing a petition for federal habeas relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED: This 27th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge