FILED
U.S. District Court
District of Kansas
10/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES M. COCHRAN,**

**Petitioner,**

**v.** **CASE NO. 26-3313-JWL**

**DANIEL J. SCHNURR,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and state prisoner James M. Cochran, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. On August 27, 2026, the Court issued a memorandum and order ("M&O") explaining that it had conducted the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determined that this matter is subject to dismissal. (Doc. 3, p. 1-2.)

The M&O explained that although Petitioner filed his petition on the form for seeking relief under 28 U.S.C. § 2241, the petition asserts grounds for relief that must be brought under 28 U.S.C. § 2254. *Id.* at 2-3. Simply put, rather than challenging the execution of his sentence, as appropriate under § 2241, Petitioner challenges the validity of his sentence, which must be brought under § 2254. *See id.* at 2-4. Petitioner was granted time to show cause in writing why this case should not be dismissed because it plainly appears that he is not entitled to relief under 28 U.S.C. § 2241. *Id.*

In the alternative, the M&O explained, Petitioner could elect to proceed in this case under 28 U.S.C. § 2254 by filing an amended petition on the form required for § 2254 actions. *Id.* at 4. After cautioning Petitioner on the potential consequences of doing so, the Court directed the clerk

to provide Petitioner with the form for seeking relief under § 2254. *Id.* In summary, the M&O granted Petitioner until and including September 30, 2026 to file either (1) a written response showing cause why his § 2241 petition should not be dismissed because the grounds asserted cannot lead to relief under § 2241 or (2) an amended petition on the form for seeking relief under § 2254. *Id.* at 5. The M&O expressly cautioned Petitioner that if he "fails to file either an amended petition or a written response by the deadline, this case will be dismissed without further prior notice to him." *Id.*

On September 1, 2026, Petitioner filed in this case a typewritten copy of a handwritten declaration Petitioner filed in a previous § 2254 case Petitioner brought in this Court.[1] (Doc. 4.) *See Cochran v. Schnurr*, Case No. 25-cv-3068-JWL, Doc. 1, p. 3-5. Although the body of the declaration refers to a § 2254 petition, Petitioner altered the title of the declaration before filing it in the current case; it is now a declaration "in support of petition under 28 USC *2241* . . . ." (Doc. 4, p. 2 (emphasis added).) And the cover page of the submission asked the clerk to accept the declaration "in support of [the] 28 [U.S.C. §] 2241" petition. *Id.* at 1.

On September 3, 2026, Petitioner filed in this case an amended petition for writ of habeas corpus. (Doc. 5.) But like the original petition, the amended petition is on the form required for seeking relief under 28 U.S.C. § 2241. *Id.* It asserts the same grounds for relief and challenges the validity of Petitioner's sentence (and his underlying convictions), not the execution of the sentence. *Id.* at 1-9. The following day, Petitioner filed a supplement to his amended petition, consisting of a page intended to replace a seemingly identical page in the amended petition. (*Compare* Doc. 5, p. 8 *with* Doc. 6, p. 3.)

The deadline set in the M&O has now passed and Petitioner has not shown cause in writing

---

[1] The Court dismissed the previous § 2254 action in May 2025 without prejudice after Petitioner failed to comply with a court order. *See Cochran v. Schnurr*, Case No. 25-cv-3068-JWL, Doc. 4.

why this case should not be dismissed because it states only grounds that cannot lead to relief under 28 U.S.C. § 2241, nor has Petitioner filed an amended petition that seeks relief under 28 U.S.C. § 2254. Accordingly, the Court will dismiss this matter without prejudice for the reasons set forth in the M&O.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 2nd day of October, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge